MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
7251 West Lake Mead Blvd., Ste. 540
Las Vegas, Nevada 89128
(702) 228-8916

DOUGLAS R. KERTSCHER, ESQ.
Pro Hac Vice
Georgia Bar No. 416265
**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
770-953-0995
770-953-1358, facsimile

Attorneys for Defendants Consulting Services, LLC Kevin Bonds and Randy Bristol

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CONSUMER DIRECT OF AMERICA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSULTING SERVICES, LLC, a Delaware corporation, KEVIN BONDS, an individual, RANDY BRISTOL, an individual, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: CV-S-04-0605-KJD-LRL<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF CONSULTING SERVICE, LLC** |

COMES NOW CONSULTING SERVICES, LLC (hereinafter "Consulting Services" or "Defendant") and, within the time and in the manner provided by law, hereby answers the Amended Complaint of Consumer Direct of America, Inc. (hereinafter "Plaintiff" or "CDA"), showing the Court as follows:

### ANSWER TO NUMBERED PARAGRAPHS

Further answering the numbered paragraphs of Plaintiff's Amended Complaint, Defendant shows:

///

1-60.

This Defendant incorporates herein by reference as if fully set forth herein its responses to Paragraphs 1 through 60 of its Answer to Plaintiff's original Complaint.

61.

This Defendant incorporates herein by reference as if fully set forth herein its responses to Paragraphs 1 through 60 of Plaintiff's Amended Complaint.

62.

This Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63.

This Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.

This Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.

This Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.

This Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.

This Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.

This Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

///

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint, and each purported cause of action alleged therein, fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

The allegations raised in the Amended Complaint arise out of the same transaction(s) and occurrence(s) and involve similar parties as those in an action currently pending in Federal Court in the Northern District of Georgia, Civil Action File No. 104CV1071 and styled <u>Consulting Services, LLC v. Consumer Direct of America, Inc.</u>  Jurisdiction attached first to the case in the Northern District of Georgia.  Therefore, pursuant to the "first filed" doctrine and the Ninth Circuit's application of the federal comity doctrine, this Court lacks subject matter jurisdiction.  Further, pursuant to 28 U.S.C. 1404(a), venue in the present case is improper and the case should be transferred to the Northern District of Georgia.

### THIRD DEFENSE

If Plaintiff has sustained any damages as alleged in the Amended Complaint, which Defendant denies, he failed to mitigate his damages.

### FOURTH DEFENSE

Without conceding that Plaintiff sustained any damages as alleged in the Amended Complaint, that if any such damages were sustained by Plaintiff, Plaintiff failed to and did not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred to in the Amended Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff.  Accordingly, recovery, if any, on the part of Plaintiff against Defendant must be reduced by a proportionate percentage of the wrong attributable to Plaintiff.

### FIFTH DEFENSE

Without conceding Plaintiff has sustained any damages as alleged in his Amended Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than Defendant, and at all times, these other persons or entities were acting without the

consent, authorization, knowledge or ratification of Defendant, with regard to any and all of the acts alleged in the Amended Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### SIXTH DEFENSE

Defendant is informed and believes, and on that basis alleges that its purported obligation, if any, as alleged in the Amended Complaint was fully performed.

### SEVENTH DEFENSE

Defendant is informed and believes, and on that basis alleges that if defendant failed to perform any obligation owing to Plaintiff, which Defendant categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff and/or other third parties.

### EIGHTH DEFENSE

Plaintiff has waived any and all claims that it may have or have had to the relief, if any, referred to in the Amended Complaint.

### NINTH DEFENSE

Plaintiff is estopped to assert the claims set forth in its Amended Complaint and is specifically estopped to allege that Defendant caused or contributed to the damages, if any, referred to in the Amended Complaint

### TENTH DEFENSE

Defendant alleges that any and all actions taken by Defendant were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendant at all applicable times.

### ELEVENTH DEFENSE

The Amended Complaint does not set forth any facts that would entitle Plaintiff to recovery general, compensatory, punitive and/or damages (including attorney's fees and costs) against Defendants.

### TWELFTH DEFENSE

Granting Plaintiff's prayer for punitive damages against them would violate certain

provisions of the Constitution of the United States including but not limited to, the following: The Fifth and Fourteenth Amendments guarantee defendants due process of the law and are violated by the operation of such vague, imprecise and impermissible laws regarding both the awarding and the amount of punitive damages as are the laws on which the subject punitive damage claim is based; an award of punitive damages against Defendant under the facts of this case would violate due process as being grossly excessive in relation to the legitimate interests of the State of Georgia; the Fourteenth Amendment guarantees this defendant equal protection of the laws and is violated by the imposition of punitive damages in that such sanction is discriminatory and arbitrary in penalizing these defendants on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the processing, convicting and sentencing of criminal defendants and to the extent that the Amended Complaint is subjected to criminal sanction for punitive damages, the burden of proof required to impose the same should be proof beyond a reasonable doubt and punitive damages should not be awarded without affording these defendants full range of criminal safeguards afforded by the Constitution and the imposition of punitive damages would violate Article I, Section XX of said constitution.

### THIRTEENTH DEFENSE

Defendant alleges that the imposition of punitive damages against it would violate Georgia and Nevada law, as applicable.

### FOURTEENTH DEFENSE

Without conceding that plaintiff has suffered any damages as alleged in the Amended Complaint, Defendant alleges that if such damages were sustained by plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to all relevant provisions of common and statutory law.

### FIFTEENTH DEFENSE

Defendant is informed and believes, and on that basis alleges, that its purported obligations, if any, as alleged in the Amended Complaint were fully performed.

///

### SIXTEENTH DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### SEVENTEENTH DEFENSE

Any and all of the actions taken by any officer, employee, and/or agent of Defendant were good faith assertions of the rights of Defendant and were therefore privileged and/or justified.

### EIGHTEENTH DEFENSE

This Court lacks personal jurisdiction over this Defendant.

### NINETEENTH DEFENSE

Plaintiff's Amended Complaint fails for insufficient service of process.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, this Defendant prays that judgment be entered in its favor and that it be dismissed from this case with costs to be case against Plaintiff.

Dated: June 15th, 2004

MARK J. BOURASSA, ESQ. #7999
7251 W. Lake Mead Blvd., Ste. 540
Las Vegas, Nevada 89128

DOUGLAS R. KERTSCHER
Georgia Bar No. 416265
Hill, Kertscher & Wharton, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339

Attorneys for Defendants

V:\Personal\Mark\New Cases\Consumer Direct\Consulting Ans amd.wpd

6

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 15th day of June, 2004, I served a true and correct copy of the foregoing document entitled **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF CONSULTING SERVICES, LLC** via first class, United States mail, postage prepaid and addressed to the following persons:

Lance A. Maningo, Esq.
BELLON & MANINGO
3551 E. Bonanza, Suite 105
Las Vegas, Nevada 89110

William S. Roberts, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN, & DICKER, LLP
402 W. Broadway, Suite 1500
San Diego, California 92101 Attorneys for Plaintiff

Keith A. Fink, Esq.
Jack RifenBark, Esq.
Keith A. Fink and Associates
11500 W. Olympic Boulevard
Los Angeles, California 90064

Richard Hines, Esq.
Nelson Mullins Riley & Scarborough LLP
First Union Plaza
999 Peachtree Street N.E., Suite 1400
Atlanta, GA 30309-4422

_/s/ Julie Lehmann_
Julie Lehmann, an employee of
**Mark J. Bourassa, Esq.**
7